Francis Dale BURKE, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 94-SC-267-KB.

Supreme Court of Kentucky.

May 26, 1994.

## OPINION AND ORDER

Francis Dale Burke has multiple disciplinary proceedings pending against him. He now moves for permission to withdraw from membership in the Kentucky Bar Association. The KBA has no objection to an entry of an order accepting Burke's motion to resign for a period of fifty-nine days. The KBA further requests this Court to include in this order a brief recitation of the unethical and unprofessional conduct by Burke.

In KBA No. 3572, the Inquiry Tribunal issued a two-count charge against this Movant on May 17, 1993, in which he was charged with misrepresenting facts to his client, Jessie P. Osborne, in connection with an appeal of a decision of the Pike Circuit Court, in violation of SCR 3.130–8.3(c).

In KBA No. 3824, the Inquiry Tribunal issued a charge against this Movant on September 14, 1993, alleging that he charged and collected an attorney fee in a workers' compensation action without approval of the Workers' Compensation Board, as then required by statute, in violation of DR 2–106(A) of the Code of Professional Responsibility, effective through December 31, 1989.

In KBA No. 4007, the Inquiry Tribunal has authorized but not yet filed a charge against Movant alleging a lack of due diligence in Movant's defense of Mr. John Adkins in *Commonwealth v. Adkins*, Pike Indictment No. 90–CR–239, in violation of SCR 3.130–1.3.

On February 1, 1994, Daisy Warth filed a disciplinary complaint against the Movant (KBA File 4186) alleging that Movant offered ineffective assistance in *United States v. Daisy Warth*, U.S. District Court, E.D. Ky., Pikeville Division, Case No. 91–7–4.

On March 3, 1994, William Burchett filed a disciplinary complaint against Movant (KBA File 4238) also alleging that Movant offered ineffective assistance in *United States v. Daisy Warth, supra.*

Movant has requested permission to resign from the Kentucky Bar Association, pursuant to SCR 3.480(3), for a period of fifty-nine days. The Court notes that the Movant retired from the active practice of law in late 1992, and that the CLE Commission granted Movant's application for non-practice exemption on December 9, 1993, which remains in effect as of the date of the filing of his motion. Movant acknowledges that his conduct, as charged, is in violation of SCR 3.130–8.3(c), DR 2–106(A), and SCR 3.130–1.3.

The Movant has tendered payment of $953.80 as full payment of the disciplinary costs, in accordance with SCR 3.450(1).

Therefore, it is ordered that Francis Dale Burke's motion to resign from the Kentucky Bar Association is granted. It is further ordered that:

1. Burke shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership with the Kentucky Bar Association;

2. Burke shall not file an application for reinstatement for a period of fifty-nine days from the date of the entry of this order and shall not file an application for reinstatement following this period if there is any outstanding claim or judgment against him resulting from his practice of law prior to resignation, such claims and judgments to include any from the Clients' Security Fund of the Kentucky Bar Association;

3. Any application filed by Burke shall be governed by SCR 3.510, reinstatement in case of disciplinary suspension, or any subsequent amendment to SCR 3.510;

4. All disciplinary proceedings pending against Burke shall be terminated and, in accordance with SCR 3.450(1), his tendered payment of the costs of the investigations and proceedings now pending against him is granted.

All concur.

ENTERED: May 26, 1994.

/s/ Robert F. Stephens
CHIEF JUSTICE